UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| RICHARD ERBY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 22-2848-SHM-tmp |
| | ) | |
| SHELBY COUNTY SHERIFF JAIL / | ) | |
| 201 POPLAR AVE., ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER CONSOLIDATING CASE NOS. 22-2848, 22-2849, 22-2850 AND 22-2878;
DISMISSING THE CONSOLIDATED COMPLAINT WITHOUT PREJUDICE;
AND DIRECTING ERBY TO FILE AN AMENDED COMPLAINT**

On December 12, 2022, Plaintiff Richard Erby filed a *pro se* complaint under 42 U.S.C. § 1983 (ECF No. 1) and a motion for leave to proceed *in forma pauperis* (ECF No. 2). When Erby filed the complaint, he was confined at the Shelby County Criminal Justice Center (the "SCCJC"), in Memphis, Tennessee. (ECF No. 1 at PageID 2.) On December 14, 2022, the Court granted leave to proceed *in forma pauperis*. (ECF No. 4.)

The complaint (ECF No. 1) is before the Court.

**I.  PROCEDURAL BACKGROUND**

**A.  Case No. 22-2848**

The complaint in Case No. 22-2848 is construed to allege a claim of unconstitutional conditions of confinement in violation of the Eighth Amendment, which arose during Erby's confinement at the SCCJC on unspecified dates. (ECF No. 1 at PageID 5-7; ECF No. 1-1 at PageID 9-12.) Erby alleges broad generalizations about: showers; recreation; "cell sanitation";

"clothing sanitation"; "COVID-19 cleansing"; "counselor obligations"; "town hall meetings"; "spoiled meals that are under-portioned"; 'no medical or dental attention"; "shortage of staff"; "late … mail"; "[un]honored grievances"; "religion riots"; SCCJC staff's failure to follow jail "policies and procedures"; "restrictions on inmate movement"; "lack of concern about inmates['] mental faculty"; lockdowns; and lack of "mental stimulation" (collectively, the "Alleged Conditions"). (ECF No. 1 at PageID 5-7; ECF No. 1-1 at PageID 9-12.) Erby sues eleven (11) Defendants: (1) the SCCJC; (2) Chief Jailer Floyd Bonner; (3) Lieutenant Morris; (4) Lieutenant Bunting; (5) Lieutenant Parker; (6) Lieutenant Jones; (7) Lieutenant Cato; (8) Lieutenant Johnson; (9) Sergeant Echols; (10) Sergeant Burks; and (11) Sergeant Buford. (*Id*. at PageID 1-2.) Erby seeks: (1) injunctive relief; (2) one-and-a-half million dollars ($1,500,000.00) for "emotional suffering"; (3) one-and-a-half million dollars ($1,500,000.00) for "physical suffering"; and (4) two-and-a-half million dollars ($2,500,000.00) for "mental suffering." (*Id*. at PageID 8.)

  B. <u>Case No. 22-2849</u>

On December 12, 2022, Erby filed a complaint in *Erby v. Shelby County Sheriff Jail, et al.*, Case No. 22-2849 (W.D. Tenn.) (ECF No. 1), alleging a claim of unconstitutional conditions of confinement. Erby's complaint in Case No. 22-2849 is a copy of his complaint in Case No. 22-2848. (*See* Case No. 22-2849, ECF No. 1 at PageID 3-6 and ECF No. 1-1 at PageID 8-11.)

  C. <u>Case No. 22-2850</u>

On December 13, 2022, Erby filed a complaint in *Erby v. 201 Poplar Avenue, et al.*, Case No. 22-2850 (W.D. Tenn.) (ECF No. 1), alleging a claim of unconstitutional conditions of confinement. Erby's complaint in Case No. 22-2850 is a copy of his complaints in Case No. 22-2848 and Case No. 22-2849. (*See* Case No. 22-2850, ECF No. 1 at PageID 2-6 and ECF No. 1-1 at PageID 6-8.)

### D. Case No. 22-2878

On December 29, 2022, Erby filed a complaint in *Erby v. Shelby County Sheriff Jail, et al.*, Case No. 22-2878 (W.D. Tenn.) (ECF No. 1), alleging a claim of unconstitutional conditions of confinement. Erby's complaint in Case No. 22-2878 is a copy of his complaints in Case No. 22-2848, Case No. 22-2849, and Case No. 22-2850. (*See* Case No. 22-2878, ECF No. 1-1 at PageID 6-7 and ECF No. 1-2 at PageID 8-14.)

### E. Consolidation

Actions involving common questions of law or fact can be consolidated for the convenience of the court and the parties. Fed. R. Civ. P. 42(a). Rule 42(a) states: "When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." *Id*. With broad discretion in determining whether to consolidate cases, District Courts consider whether consolidation will promote judicial economy without impeding justice and the interest of the parties. *See Devlin v. Transp. Commc'n Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999); *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990). The Court balances the risk of prejudice and confusion with the chance of achieving inconsistent results in the matters. *See In re Cree, Inc.*, 219 F.R.D. 369, 371 (M.D. N.C. 2003). The Court also considers "the burden on the parties, witnesses, and judicial resources by multiple lawsuits, the length of time required to try multiple suits versus a single suit, and the relative expense required for multiple suits versus a single suit." *Id*. (internal citation omitted).

Erby's complaints in Case Nos. 22-2848, 22-2849, 22-2850, and 22-2878 (collectively, the "Four Cases") arise from the same set of facts stated in the Alleged Conditions. The Four Cases

3

assert the same claims against the SCCJC and the same personnel of the SCCJC. Separate lawsuits for the Four Cases would lead to duplicative pleadings and discovery.

To avoid unnecessary costs and promote judicial economy, Case Nos. 22-2849, 22-2850, and 22-2878 are CONSOLIDATED for all purposes with Case No. 22-2848 pursuant to Fed. R. Civ. P. 42(a). Case Nos. 22-2849, 22-2850, and 22-2878 are DISMISSED and will not proceed. The parties will proceed in Case No. 22-2848. The Clerk shall mark Case Nos. 22-2849, 22-2850, and 22-2878 CLOSED. The Clerk shall FILE a copy of Erby's complaint in Case No. 22-2848 on the docket of Case Nos. 22-2849, 22-2850, and 22-2878. The Clerk shall also FILE a copy of this Order on the docket of Case Nos. 22-2849, 22-2850, and 22-2878. All further filings in this matter should be made under Case No. 22-2848, and the Clerk is INSTRUCTED to close Case Nos. 22-2849, 22-2850, and 22-2878 without judgment and to accept no further filings in these cases.

The Court consolidates the complaints in the Four Cases as the "Consolidated Complaint" for purposes of screening Erby's claims under the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, *et seq.* (the "PLRA").

## II.   SCREENING THE CONSOLIDATED COMPLAINT

### A.  Legal Standard

The Court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint —

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Under those standards, the Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). The Court does not assume that conclusory allegations are true, because they are not "factual," and all legal conclusions in a complaint "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Federal Rule of Civil Procedure 8 provides guidance on this issue. Although Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," it also requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

Courts screening cases accord more deference to *pro se* complaints than to those drafted by lawyers. "*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

**B.   Requirements To State A Claim Under § 1983**

5

The Consolidated Complaint alleges claims under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States, and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

### C. Claim Of Unconstitutional Conditions Of Confinement

The Consolidated Complaint does not clearly set forth the constitutional claims that Erby alleges against each Defendant. Instead, the Consolidated Complaint offers generalized allegations about "a multitude of federal and state constitutional right[s] which have been violated." (Case No. 22-2848, ECF No. 1-1 at PageID 9.) Erby complains vaguely about "current real time problems occurring [at the SCCJC] and getting worse …, in which … every remedy [has been] exhausted and every solution tried from having … mental, emotional, financial, social, and economical humiliation … The [SCCJC] facility is a dangerous habitat that is unstable and consistently growing unstabler [sic]." (ECF No. 1 at PageID 7.) Erby alleges that the SCCJC "is an unsafe and unsanitized environmental threat that has … numerously failed health department standards and violates the City's code of habitation." (*Id.*) The Consolidated Complaint sets forth nonactionable opinions rather than factual allegations stating claims to relief.

A pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 47 (1957). Pleadings and documents filed by *pro se* litigants are "liberally construed," and a "*pro se* complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). "[T]he lenient treatment generally accorded to *pro se* litigants

has limits." *Pilgrim v. Littlefield,* 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir. 1991)). A *pro se* complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell,* 414 F. App'x 784, 786 (6th Cir. 2011) (quoting *Iqbal,* 556 U.S. at 678) (internal quotations and emphasis omitted). District courts "have no obligation to act as counsel or paralegal" to *pro se* litigants. *Pliler v. Ford,* 542 U.S. 225, 231 (2004).

The Consolidated Complaint does not set forth a comprehensible and concise statement of Erby's claims in compliance with Fed. R. Civ. P. 8(a). The Consolidated Complaint does not allege facts particular to Erby's confinement at the SCCJC. Instead, Erby expresses his displeasure with the general discomforts of life in confinement. For example, Erby alleges that:

> [D]eath would be a better remedy than to subject myself to mental and physical enslavement and abuse by … deprivation of my rights to recreation … [A]t 201 Poplar Avenue, inmates in pre-detention is [sic] constantly getting their showers and recreation [denied]. This is … police brutality. (Case No. 22-2848, ECF No. 1 at PageID 5.)
>
> I have been mis-treated for no particular reason … I don't get treated equally as a human being should … I have experienced <u>some</u> of the following. Officers consistently and daily deprive us to our rights to at least 1 hour of recreation, showers, cell and rock [sic] sanitation, clothing sanitation, COVID-19 cleaning, programs, counselor obligations, town hall meetings, spoiled meals, no medical or dental attention, our dignity, and respect as humans. They compromise our health, safety, and security … [O]fficers nor does [sic] any rounds when we are locked down to maintain our well-being or even being alive. If a person was to die in here, then it would take days probably weeks to notice that a person was dead. (Case No. 22-2848, ECF No. 1-1 at PageID 9-1 (emphasis in original).)

The Consolidated Complaint effectively asks the Court to create Erby's claims for him. The Court cannot. *Pliler,* 542 U.S. at 231; *Payne v. Secretary of Treasury,* 73 F. App'x 836, 837 (6th Cir. 2003); *Brown*, 415 F. App'x at 612-13.

The Consolidated Complaint is DISMISSED WITHOUT PREJUDICE.

### D. Erby's Vexatious Filing Practices

From December 12, 2022, through May 5, 2023, Erby has filed twenty-one (21) cases with the Court, including Erby's most recent complaint on May 5, 2023. (*Erby v. State of Tennessee, et al.*, Case No. 23-2282 (W.D. Tenn.), ECF No. 1 at PageID 1-2 (complaint filed on behalf of seven (7) plaintiffs[1], suing fifty (50) defendants).)  Erby has demonstrated a vexatious practice of alleging the same facts and claims in multiple lawsuits.

For example, like the photocopied complaints in Case Nos. 22-2848, 22-2849, 22-2850, and 22-2878, Erby's complaint in Case No. 23-2282 (ECF No. 1 at PageID 12-14) is a photocopy of Erby's complaint in Case No. 22-2279 (ECF No. 1-1 at PageID 16-18).  To expedite his repetitive filings of multiple lawsuits alleging similar claims, Erby: (1) says "Please refer to attached documentation" in his complaints (*see*, *e.g.*, Case No. 23-2279, ECF No. 1 at PageID 1-2; Case No. 23-2282, ECF No. 1 at PageID 1-2); and (2) appends photocopies of documents he filed as complaints in prior cases.  (*See id.*)

Filing the same claims in multiple lawsuits is a vexatious practice and an abuse of the judicial system.  That is particularly true where, as in the Consolidated Complaint, the record suggests that Erby's rhetorical claims are frivolous.[2]  If the Court finds that Erby has filed, or in the future files, one or more new cases that re-allege claims that he has asserted in a previously-filed case, those new cases will be filed for statistical purposes and will be summarily dismissed.

---

[1] The Court reaches no conclusion in this Order about whether the seven (7) putative plaintiffs in Case No. 23-2282 signed the complaint as required by Fed. R. Civ. P. 11(a). (*See* Case No. 23-2282, ECF No. 1 at PageID 14 (attestation by plaintiffs only that they "were … involved [and] fear[] imminently for their life").)

[2] *See*, *e.g.*, Case No. 23-2279, ECF No. 1-1 at PageID 15 (alleging that "all … of the parties whom [sic] were victims, witnesses, and human beings agreeing with the suffrage of the conditions we have all been subjected to.  We all fear for our lives, the mis-management and neglect in caring for us as public officials of the law acting under state colors.  These officers are supposed to be of good moral character and be mentally competent in order to have this job").

If Erby's practice of filing vexatious lawsuits continues after the warning in this Order, the imposition of filing restrictions may be warranted.

### III.     AMENDMENT UNDER THE PLRA

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[W]e hold, like every other circuit to have reached the issue, that under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA")); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded"). Leave to amend is not required where a deficiency cannot be cured. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that ... amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that *sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts").

The Court grants leave to amend under the conditions set forth below.

### IV.     CONCLUSION

For the reasons explained above:

A.      The complaints in Case Nos. 22-2849, 22-2850, and 22-2878 are INCORPORATED into the complaint in Case No. 22-2848 (ECF No. 1). Case Nos. 22-2849, 22-2850, and 22-2878 are DISMISSED and will not proceed. Erby and the Defendants named in

9

Case Nos. 22-2849, 22-2850, and 22-2878 SHALL PROCEED in Case No. 22-2848. The Clerk shall mark Case Nos. 22-2849, 22-2850, and 22-2878 CLOSED;

   B. The Consolidated Complaint is DISMISSED WITHOUT PREJUDICE for failure to state a claim to relief, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). The Court ORDERS Erby to file an amended complaint within twenty-one (21) days of the date of this Order (the "Proposed Amended Complaint" or "PAC"). In the PAC, Erby shall clarify the allegations in the Consolidated Complaint by concisely alleging in <u>one</u> document all Defendants and all claims within this Court's jurisdiction. Erby shall submit the PAC on the form for *Complaint for Violation of Civil Rights Under 42 U.S.C. § 1983*.[3] The PAC must be complete without reference to a prior pleading. The PAC must be signed, and the text of the PAC must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits to the PAC must be identified by number in the text of the PAC and must be attached to the PAC. All claims alleged in the PAC must arise from the facts initially alleged in the Consolidated Complaint. Each claim for relief must be stated in a separate count and must identify each Defendant sued in that count. The PAC must comply with the Federal Rules of Civil Procedure, including but not limited to Rule 8's requirement of a short and plain statement of claims. If Erby fails to file the PAC within the time specified, the Court will dismiss the Consolidated Complaint with prejudice in its entirety and enter judgment. The Court recommends that any such dismissal should be treated as a strike pursuant to 28 U.S.C. § 1915(g). *See Simons v. Washington*, 996 F.3d 350, 353 (6th Cir. 2021).

  IT IS SO ORDERED, this 11th day of May, 2023.

              /s/ *Samuel H. Mays, Jr.*
              SAMUEL H. MAYS, JR.
              UNITED STATES DISTRICT JUDGE

---

[3] *See* https://www.tnwd.uscourts.gov/pdf/content/CivilRightsComplaint.pdf.